LAW OFFICES
# Kramer, Dillof, Livingston & Moore
217 BROADWAY
NEW YORK, N.Y. 10007

(212) 267-4177 • FAX (212) 233-8625
www.kdlm.com

CHARLES KRAMER (1916-1988)
HENRY H. DILLOF (1922-2006)
THOMAS A. MOORE
JUDITH A. LIVINGSTON
THOMAS J. PRINCIPE
MATTHEW GAIER
CARMINE A. RUBINO
JORDAN K. MERSON

ROBERT M. FUTTERMAN
YVETTE M. KING
JOHN P. BEATTY
JOHN D. CAGNEY
PANI N. VO
STEVE COHEN

NORMAN BARD
STANLEY TESSEL
OF COUNSEL

December 15, 2015

**VIA ECF FILING**

Magistrate Judge Marilyn D. Go
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1214-S
Brooklyn, New York 11201

      Re: Century Surety Company v. AA General Trading Corp., et. al
      Civil Action No.: 1:15-cv-04509

Dear Judge Go:

As Your Honor requested at the Rule 16(b) conference, below is an update on settlement of this matter. The first page is Nochum and Chana Kaplan's summary on the proceedings so far, while Century Surety Company and the Avis Budget position follow on page two.

On May 4, 2015, in the underlying state court action against Avis-Budget, we conveyed a demand of $2 million. Nochum Kaplan's A-C separation and torn cartilage have already required one surgical procedure and despite having physical therapy since, he will need at least one more surgery. The demand is in line with precedential authority and Mr. Kaplan is younger (27 years old) than the plaintiffs in these other cases. See Guillory v. Nautilus Real Estate, 208 A.D.2d 336 (1st Dept. 1995) (51 year-old awarded $1.2 million for pain and suffering for torn rotator cuff); Bernstein v. Red Apple Supermarkets, 227 A.D.2d 264 (1st Dept. 1996) (Appellate Division affirms $1.75 million for 63 year-old with torn rotator cuff requiring surgery); Kenmore v. Mutual Housing Assoc. of New York ($450,000.00 pain and suffering and $200,000.00 loss of services for 36 year old with left shoulder separation); Giangregorio v. Trump, Index 23868/1995 ($1 million pain and suffering verdict for 23 year-old L shoulder impingement requiring surgery); Hofner v. Viagra, Index No. 7246/1995 (January 2000) ($1.5 million settlement following rotator cuff surgery); Jansen v. C. Raimondo and Son Construction Corp., 293 A.D.2d 571 (2nd Dept. 2002) ($750,000.00 for pain and suffering of 36-year-old with left shoulder fracture and separation).

The Avis-Budgets defendants refuse to submit an offer in response to plaintiffs' initial demand. Given their position, as well as the how they value the case, it does not seem as if mediation would be fruitful at this time. Century Surety Company's is merely willing to sweeten the pot relying on its disclaimer of coverage. Nochum and Chana Kaplan have noticed two depositions of Century Surety for December 14, 2015, and we intend to proceed with same forthwith to determine whether its disclaimer claim is in any way viable.

It is the position of the Avis entities that the actual full value of plaintiff's claimed injuries are less than 10% of plaintiff's settlement demand. If the court wishes, the undersigned can discuss the cases cited by the plaintiff and cite to a string of cases with regard to the actual full value of the injuries and damages claimed by the plaintiff.

Of course, there is also the issue of liability. Although Budget Truck Rental LLC, owned the vehicle, it was not in their control and was serviced by an independent outside mechanic. Therefore, any liability with regard to the servicing, maintenance or condition of the rear sliding door of this box truck was the responsibility of this service entity, as well as Mr. Kaplan's employer, who had leased this vehicle for nine months. In addition, the carrier for this auto service company, by way of the above-referenced action, is seeking to disclaim any coverage.

It is defendant's position that plaintiff's demand is in no way related to the actual value of plaintiff's underlying personal injury claim. This analysis does not include any culpable conduct which could be assessed to Mr. Kaplan. Based on the settlement demand of the attorney for Mr. Kaplan with regard to his personal injury claim and our discussions in our telephone conference of December 14, 2015, it does not seem as if mediation would be fruitful at this juncture.

For Century's part, as coverage plaintiff we are ready, willing, and have authority to participate in a global mediation of this matter. We do intend, however, to take a proverbial backseat in light of our strong coverage defenses. Notwithstanding, we are hopeful that mediation could be fruitful, provided it resolves both this and the underlying action, in the face of continued, potentially protracted litigation.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

_____     s/ Agnieszka A. Wilewicz     _____
Jordan Merson                      Agnieszka A. Wilewicz                   Joe Puzo