# ZAKLUKIEWICZ, PUZO & MORRISSEY, LLP.
ATTORNEYS AT LAW
2701 Sunrise Highway Suite #2
P.O. Box 389
Islip Terrace, New York 11752

TELEPHONE: (631) 859-0300
FAX: (631) 859-5284

Francis E. Zaklukiewicz
Joseph M. Puzo
William E. Morrissey

Stephen F. Zaklukiewicz
Maria Caraballo-Mitra
Jinan Monique Arafat
Judith S. Pluviose
Craig M. Dolinger

Manhattan Office
236 W. 26th Street, Suite 303
New York, New York 10001
(212) 736-2624-Ext. 10
(212) 981-0528

December 30, 2016

**VIA ECF FILING**

Magistrate Judge James Orenstein.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1227 South
Brooklyn, New York 11201

       Re:  Century Surety Company v. AA General Trading Corp., et. al
           Civil Action No.: 1:15-cv-04509

Dear Judge Orenstein:

As Your Honor has requested, below is an update on status/settlement attempts of this matter. Initial statement is on behalf of plaintiffs in underlying action and the Avis/Budget and Century Insurance positions follow on page two.

**PLAINTIFFS IN UNDERLYING STATE COURT ACTION**

On May 4, 2015, in the underlying state court action against Avis-Budget, we conveyed a demand of $2 million. In an effort to resolve the matter plaintiffs have lowered their demand repeatedly—to $125.000.00. In Response, Avis and Century have offered a global settlement offer of $47,000.00. This is unacceptable to plaintiffs, and our very reasonable demand is withdrawn in light of the defendant's bad faith.

Nochum Kaplan's A-C separation and torn cartilage have already required one surgical procedure and despite having physical therapy since, he will need at least one more surgery. The original $2 million dollar demand was in line with precedential authority and Mr. Kaplan is younger (28 years old) than the plaintiffs in these other cases. See Guillory v. Nautilus Real Estate, 208 A.D.2d 336 (1st Dept. 1995) (51 year-old awarded $1.2 million for pain and suffering for torn rotator cuff); Bernstein v. Red Apple Supermarkets, 227 A.D.2d 264 (1st Dept. 1996) (Appellate Division affirms $1.75 million for 63 year-old with torn rotator cuff requiring surgery); Kenmore v. Mutual Housing Assoc. of New York ($450,000.00 pain and suffering and $200,000.00 loss of services for 36 year old with left shoulder separation); Giangregorio v. Trump, Index 23868/1995 ($1 million pain and suffering verdict for 23 year-old L shoulder impingement requiring surgery); Hofner v. Viagra, Index No. 7246/1995 (January 2000) ($1.5

million settlement following rotator cuff surgery); <u>Jansen v. C. Raimondo and Son Construction Corp.</u>, 293 A.D.2d 571 (2nd Dept. 2002) ($750,000.00 for pain and suffering of 36 year-old with left shoulder fracture and separation).

The Avis-Budgets defendants and Century, as coverage counsel for defendants AA Autobody, have refused to submit a good faith offer in response to plaintiffs' repeatedly reduced demand. Given their position, as well as how they value the case, it does not seem as if mediation would be fruitful at this time. Century Surety Company is merely willing to sweeten the pot relying on its disclaimer of coverage. Thus, Nochum and Chana Kaplan have informed my office that if a reasonable offer is not given they are willing to take a verdict in the underlying action in King Supreme Court and we intend to proceed with the completion of discovery forthwith to get this matter on the trial calendar.

**AVIS/BUDGET**

For Avis/Budget Truck Rental- Our position is that the vehicle was on a long term lease with Kaplan's employer, who was responsible for servicing the vehicle at the auto repair shop for the codefendant in the underlying action. Therefore, if there were any faulty repairs, as claimed by Kaplan, it would be the responsibility of the repair shop. Furthermore, since Kaplan was aware of some issue with the door he would bear some culpable conduct. In addition, the case has a limited value based on a questionable shoulder tear. Notwithstanding the forgoing, Avis/Budget has engaged in good faith settlement discussions and has made a reasonable offer to settle the underlying case.

**Century**

For Century's part, and very succinctly, the carrier's position has been and remains the fact that there is no coverage for the underlying claim under the policy issued to AA General. We understand that the plaintiff was allegedly injured when the rear door of the rental truck he had leased long-term fell and hit him. However, as a preliminary matter, Century's Garage Liability policy only provides coverage for certain types of autos. The vehicle at issue in the underlying action was not a "covered auto" as defined by the terms of that policy, hence there is no coverage. Even assuming the vehicle was covered, Century was not notified of the accident or underlying suit until after a default judgment was entered against AA General and a trial date set as to damages. Such notice was given well over two years following the service of the action. Not only does this late notice constitute a violation of the terms of the policy, as a matter of law it constitutes material prejudice and is a defense to coverage. Notwithstanding, Century has to date engaged in good faith settlement negotiations with the underlying claimant, in an effort to avoid protected litigation on these issues. To date, those efforts have proven fruitless.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

| | | |
|---|---|---|
| *[signature]* | *[signature]* | *[signature]* |
| John P. Beatty | Agnieszka A. Wilewicz | Joe Puzo |
| By: Joseph M. Puzo | By: Joseph M. Puzo | By: Joseph M. Puzo |